IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLY M. BAKER,  )
          Plaintiff,  )
   -vs-  )   Civil Action No. 18-346
NANCY A. BERRYHILL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
          Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion (ECF No. 13) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her applications alleging she has been disabled since December 22, 2011. (ECF No. 5-11, pp. 2, 4). Administrative Law Judge ("ALJ"), Joanna Papzekos, held a hearing on August 5, 2013. (ECF No. 5-5, p. 2-41). On August 29, 2013, the ALJ issued an unfavorable decision. (ECF No. 5-5, pp. 2-20). Plaintiff filed an appeal with the Appeals Council and the Appeals Council remanded with specific instructions. (ECF No. 5-5, pp. 21-25).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

On September 9, 2015, the ALJ held a hearing. (ECF No. 5-2, pp. 35-51). On February 1, 2016, the ALJ held another hearing. (ECF No. 5-3, pp. 42-76). Following the hearing, the ALJ sent proposed interrogatories to the vocational expert ("VE"). (ECF No. 5-14, pp. 11-17). Counsel objected to the interrogatories and requested a hearing to cross-examine the VE. (ECF No. 5-14, p. 24). On June 29, 2016, the ALJ scheduled a hearing for September 19, 2016. (ECF No. 5-10, p. 2). On June 30, 2016, Plaintiff acknowledged notice of the same but she did not appear and did not advise the ALJ that she would not attend. *Id.,* at pp. 28-29. As a result, a show cause request was sent to Plaintiff. (ECF No. 5-10, p. 29). Plaintiff responded on September 30, 2016, that she did not appear because "my medical conditions prevented me from attending hearing." (ECF No. 5-10, p. 32). On January 5, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 11-27).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of

2

record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision

with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Step 2 - Severe Impairment

Plaintiff first argues that the ALJ erred in failing to find her left-eye blindness severe.  (ECF No. 14, pp. 12-15).   At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe.  20 C.F.R. §416.1420(a).  The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004).   To be clear, the question of severity relies not on the particular condition, but on the limitations stemming from that condition.  *Id.*  An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months.  20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d).   If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

In this case, the ALJ found that Plaintiff has the following severe impairments: depression, hernia, status post a number of abdominal surgeries including hernia repair with mesh, endometriosis, obesity and a history of necrotizing pancreatitis.  (ECF No. 5-2, p. 15).  In so doing, the ALJ considered other impairments, including Plaintiff's monocular vision, and found them to be non-severe.  (ECF No. 5-2, pp. 15-17).  The ALJ then proceeded to the next steps. (ECF No. 5-2, pp. 17-27). Thus, Plaintiff was not denied benefits at step 2.  Rather, the ALJ proceeded beyond step 2.  In so doing, the ALJ acknowledged that in making the residual functional capacity ("RFC") determination she considered all symptoms.  (ECF No. 5-2, p. 19). Thus, the ALJ proceeded to consider the Plaintiff's severe and non-severe impairments (specifically, Plaintiff's alleged left-eye blindness) in the evaluation process and in determining

4

Plaintiff's RCF. (ECF No. 5-2, pp. 19-25). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).[2]

### C.     Step 3 - Listing 2.04

Plaintiff argues that the ALJ erred in failing to find that she meets the requirements of Listing 2.04. (ECF No. 14, pp. 17-19). In step three of the analysis, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). To be found presumptively disabled, a plaintiff must meet all of the criteria of a Listing. 20 CFR §§404.1525(c)(3), 416.925(c)(3). An impairment that meets only some of the criteria, "no matter how severely, does not qualify" for a per se disability determination. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

At issue in this case is Listing 2.04(B) (loss of visual efficiency). *See*, 20 C.F.R. pt. 404, subpt. P, app. 1 §12.05. Listing 2.04(B) Provides, in relevant part:

> Loss of visual efficiency, or visual impairment, in the better eye: …(B) A visual impairment value of 1.00 or greater after best correction (see 2.00A8d).

---

[2]Furthermore, I note that just because an impairment is found to be severe, or in this case non-severe, does not mean necessarily that it erodes a plaintiff's residual functional capacity ("RFC"). *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D. Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC.").

5

20 C.F.R. pt. 404, subpt. P., app. 1, Listing 2.04(B).  2.00A8d discusses how to determine visual acuity impairment value, visual field impairment value and visual impairment value.[3]  20 C.F.R. pt. 404, subpt. P., app. 1, Listing 2.00A8d.

In this case, the ALJ found that Plaintiff's vision does not meet or medially equal Listing 2.04(B) because the only treating source record dated May 5, 2012 indicated that she is blind in one eye and her best correct vision in the other eye is 20/20. (ECF No. 5-2, p. 17).  Plaintiff suggests that the ALJ should have given greater weight to the November 9, 2015 opinion of Dr. Missry, which indicated a best corrected visual acuity of 20/30 and that "the right field showed 3 of 16 fixation losses with 27% false negative errors.  The mean deviation was -19.36.  There were scattered missed points in all four quadrants."  (ECF No. 14, pp. 18-19).  The ALJ rejected the opinion of Dr. Missry because he specifically stated in report that this result was of "relatively low reliability." (ECF No. 5-2, p. 17).  Contrary to Plaintiff's assertion, the ALJ did not make up this assessment.  Rather, Dr. Missry stated the "relatively low reliability" directly and specifically

---

[3] 2.00A8d specifically provides:

**8. *How do we determine your visual acuity impairment value, visual field impairment value, and visual impairment value?***

a. *General. Visual impairment value*, a calculated value of your loss of visual function, is the combination of your *visual acuity impairment value* and your *visual field impairment value*.

b. *Visual acuity impairment value.* Your visual acuity impairment value corresponds to the best-corrected central visual acuity for distance in your better eye. See Table 2.

c. *Visual field impairment value.* Your visual field impairment value corresponds to the visual field in your better eye. Using the MD from acceptable automated static threshold perimetry, we calculate the visual field impairment value by dividing the absolute value of the MD by 22. For example, if your MD on an HFA 30-2 is -16, your visual field impairment value is: |-16| / 22 = 0.73.

d. *Visual impairment value.* Under 2.04B, we calculate the visual impairment value by adding your visual acuity impairment value (see 2.00A8b) and your visual field impairment value (see 2.00A8c). For example, if your visual acuity impairment value is 0.48 and your visual field impairment value is 0.73, your visual impairment value is: 0.48 + 0.73 = 1.21.

in his report. (ECF No. 5-2, p. 17). Thus, I find no merit to this suggestion.

Plaintiff additionally suggests that the ALJ should have obtained further additional evidence if this evidence was insufficient to fulfill the "ALJ's duty to fully develop the record to clarify or replace the unanswered question regarding Plaintiff's limited visual field." (ECF No. 14, p. 18). I disagree. As the ALJ pointed out, "[a] reference to another vision examination from Visionworks is not in the record. However, in light of the consultative examiner's current and valid visual acuity examination and the representative's assertion that the record is complete, the undersigned finds that the document is not necessary for a full and fair consideration of the case (Exhibit B17F)." (ECF No. 5-2, p. 17). Based on the same, I find the ALJ fulfilled his duties in this regard and remand is not warranted on this issue.

### D.       **Hypothetical Questions to the VE**

Plaintiff also suggests that the ALJ erred by relying on an incomplete hypothetical question posed to the VE because it did not include moderate limitations in concentration, persistence or pace which was a finding in the first opinion by the ALJ. (ECF No. 14, pp. 15-17). I disagree. In this case, the ALJ was not bound by its first opinion. In fact, the Appeals Council vacated the first opinion and remanded back to the ALJ for a "new decision" in accordance with the rules and regulations.[4] (ECF No. 5-5, pp. 22-24). That is what happened in this case. In the new decision, the ALJ evaluated all the evidence *de novo* and found that Plaintiff has only mild difficulties with regard to concentration, persistence or pace. (ECF No. 5-2, p. 18). An ALJ is required to accept only that testimony from the VE which accurately reflects a plaintiff's limitations. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). The ALJ accepted the VE's testimony that accurately reflected Plaintiff's

---

[4] Contrary to Plaintiff's argument otherwise, in reevaluating the case *de novo* on remand, it is not only appropriate but a requirement that the ALJ reassess all evidence, including medical opinion evidence.

limitations as set forth in the RFC in the instant decision. Consequently, I find no error in this regard. Therefore, I find remand is not warranted on this basis.

### E. **Due Process**

Finally, Plaintiff argues that she was deprived of due process. (ECF No. 14, pp. 19-20). Specifically, Plaintiff submits that the ALJ failed to provide her with the opportunity to cross-examine the VE thereby depriving her of a full and fair hearing. *Id.* at p. 19. After a review of the evidence, I find that Plaintiff was not denied due process.

As set forth above, after the Appeals Council remanded the case, the ALJ held a hearing on September 9, 2015. (ECF No. 5-2, pp. 35-51). On February 1, 2016, the ALJ held another hearing. (ECF No. 5-3, pp. 42-76). Following the hearing, the ALJ sent proposed interrogatories to the VE. (ECF No. 5-14, pp. 11-17). Counsel objected to the interrogatories and requested a hearing to cross-examine the VE. (ECF No. 5-14, p. 24).

On June 29, 2016, the ALJ scheduled a hearing for September 19, 2016. (ECF No. 5-10, p. 2). A notice of the date and time for the September 19, 2016 hearing was sent to Plaintiff stating in bold and large sized letters that it was important for her to attend and indicating that if she did "not attend the hearing and I do not find good reason, I may **dismiss** your request for a hearing. I may do so without giving you further notice." (ECF No. 5-10, p. 2). The notice also advised Plaintiff of how to request to appear by telephone if she could not appear in person. *Id.* The notice further provided Plaintiff with instruction on what to do if she needed to request a change of date and/or time. *Id.*, at p. 3. The notice explicitly instructed Plaintiff to call the ALJ's office "immediately" if she could not attend the hearing. *Id.* Contained within the papers sent to Plaintiff was the letter to the VE requesting his/her attendance at the hearing scheduled for September 19, 2016. (ECF No. 5-10, p. 25). On June 30, 2016, Plaintiff acknowledged notice of the same and indicated that she would appear and that if she could not she would notify the

office by telephone immediately. (ECF No. 5-10, p. 28).

Despite the above, Plaintiff did not appear and did not advise the ALJ that she would not attend. *Id.,* at p. 29. As a result, a show cause request was sent to Plaintiff. (ECF No. 5-10, p. 29). The show cause request advised as follows:

- If the ALJ decides you have good reason for missing your hearing, we will schedule another hearing for you.

- If the ALJ decides you do not have good reason for missing your hearing, and your representative also did not come to the hearing, the ALJ may dismiss your request for a hearing.

- If the ALJ decides you do not have good reason for missing your hearing, but your representative did come to the hearing, the ALJ may decide your case based on the evidence in your file.

(ECF No. 5-10, p. 29). On September 30, 2016, without further explanation or documentation, Plaintiff simply responded that she did not appear because "my medical conditions prevented me from attending hearing." (ECF No. 5-10, p. 32). On January 5, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 11-27).

As demonstrated above, Plaintiff was specifically advised no less than two times what might occur if she did not attend the hearing and if she did not have a good reason for not attending the same. Consequently, I find that Plaintiff's due process was not violated. Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY M. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 18-346 |
| | ) | |
| NANCY A. BERRYHILL,[5] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 21st day of March, 2019, it is ordered that Plaintiff's Motions for Summary Judgment (ECF No. 13) is denied and Defendant's Motion for Summary Judgment (ECF No. 15) is granted.

                                                                                     BY THE COURT:

                                                                                     s/ Donetta W. Ambrose
                                                                                     Donetta W. Ambrose
                                                                                     United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.